UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:18-CR-00095-05-JRG |
| | ) | |
| JEFFREY SCOTT HORNER | ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion for release on home confinement, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] [Doc. 174]. The Federal Defender Services of Eastern Tennessee has reviewed Defendant's motion and filed a notice, indicating that it does not intend to file a supplement on his behalf. [Doc. 178]. The United States filed a motion for extension of time to file a response [Doc. 179], which is **GRANTED**, and a response in opposition [Doc. 180]. As discussed below, Defendant's motion will be **DENIED**.

### I. BACKGROUND

In October 2018, Defendant pled guilty to Conspiracy to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) and Possession of a Weapon not Registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5822, 5861(d) and 5871. [Docs. 49, 53]. The Court sentenced Defendant to 140 months' imprisonment. [Doc. 140 at 2]. According to the Bureau of Prisons ("BOP"), he has a projected release date in November 2028. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed Apr. 23, 2025).

---

[1] While a court generally does not have the authority to order that the remainder of a defendant's sentence be served on home confinement, it may grant compassionate release and order home confinement as a condition of supervised release. *See, e.g.*, *United States v. Amarrah*, 458 F. Supp. 3d 611, 620–621 (E.D. Mich. 2020). However, as discussed above, the Court does not find that a sentence reduction is warranted in this case.

In October 2024, Defendant filed the instant motion for sentence reduction. [Doc. 174]. The United States opposes the motion on the grounds that Defendant has not provided an extraordinary and compelling reason for release and the § 3553(a) factors do not weigh in favor of a sentence reduction. [Doc. 180].

## II. DISCUSSION

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), a district court is authorized to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[2]

Here, Defendant seeks release primarily based on his desire to serve as a caregiver for his parents. He asserts that both his mother and father are elderly and in poor health. [*Id.* at 1]. If released, he hopes to "help with the doctors," "do the around the house chores," and work at the family barber shop until he is able to start his own business [*Id.* at 2, 4]. In support of his request for release, Defendant has submitted letters from his parents and some of his parents' medical

---

[2] Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Defendant has provided documentation showing that this requirement has been met. [Doc. 174 at 11].

records. [*Id.* at 24–49].

"The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may be an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(C). Here, Defendant has shown that his parents suffer from health problems. And their letters indicate that they would benefit from Defendant's help. However, Defendant has not established that his parents are incapacitated or that he is the only available caregiver. Unfortunately, many inmates desire to assist their families and are unable to do so due to their incarceration. Although the Court sympathizes with Defendant's desire to help his family, his situation is not extraordinary.

Defendant also asks the Court to consider his rehabilitative efforts. He contends that he "has not been in trouble in almost two years" and provides his educational record and certificate of completion from the Challenge Program. [*Id.* at 1, 19–20]. The Court considers disciplinary records and rehabilitative efforts to be highly relevant to a discussion of the § 3553(a) factors. However, Congress has instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release." 28 U.S.C. § 994(t). Accordingly, while the Court commends Defendant on his good conduct and hopes that he will continue to take advantage of BOP programming, his rehabilitation is not extraordinary and compelling for the purposes of § 3582(c)(1)(A).

### III. CONCLUSION

Because Defendant has not provided an extraordinary and compelling reason for release, the Court need not consider the § 3553(a) factors and Defendant's motion [Doc. 174] is **DENIED**. As noted above, the United States's motion for extension of time [Doc. 179] is **GRANTED**.

So ordered.

ENTER:

                                                  s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE